IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 05-22277 CIV-HUCK/SIMONTON



HELEN MERRILL

    Plaintiff,

vs.

CARNIVAL CORPORATION, a Foreign
Corporation, d/b/a CARNIVAL CRUISE
LINES

    Defendant.
_____/



## AMENDED COMPLAINT

COMES NOW Plaintiff, HELEN MERRILL, by and through her undersigned attorneys, and sues Defendant, CARNIVAL CORPORATION, a Foreign Corporation, d/b/a CARNIVAL CRUISE LINES (hereinafter referred to as "CARNIVAL"), and says:

1. That this is maritime action for personal injury damages in excess of seventy five thousand ($75,000.00) dollars.

2. That Plaintiff, HELEN MERRILL is a New York resident, and is *suis juris*. At the time of the alleged incident, Plaintiff, HELEN MERRILL, was a fare paying passenger on the cruise ship known as the Carnival Legend.

3. That Defendant, CARNIVAL, is a Panamanian corporation, authorized to do and doing business in the state of Florida. Defendant did business in Florida as CARNIVAL CRUISE LINES providing cruise voyages to paying passengers and owned and/or operated a cruise ship known as the Carnival Legend.

4. That while the facts that serve as the basis for this cause of action occurred over navigable waters, the cruise ship originated from Miami-Dade County, Florida.

5. That jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333, which provides original jurisdiction to the United States District Court exclusive if state courts of "any civil case



CASE NO: 05-22277 CIV-HUCK/SIMONTON - Page No. 2

of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled." In addition, this Court has diversity jurisdiction over this case.

6. That venue is proper in the Southern District of Florida in that Defendant's principal place of business in Miami, Florida and this action arose from injuries sustained on a sea-going cruise that originated from Miami, Florida.

7. That Defendant has agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida under the terms of the cruise ticket tendered by Defendant, CARNIVAL, to Plaintiff, HELEN MERRILL. A copy of said cruise ticket is attached hereto and incorporated herein as Exhibit "A".

8. That on August 29, 2004, Plaintiff, HELEN MERRILL, was a fare-paying passenger on The Carnival Legend, that was at all times material hereto, a vessel owned and operated by Defendant, CARNIVAL.

9. That on August 29, 2004, Plaintiff, HELEN MERRILL, was a business invitee upon a vessel owned and operated by Defendant, CARNIVAL, having come on the premises to make use of the facilities.

10. That at the aforementioned time and place, Plaintiff, HELEN MERRILL, was injured when she fell after being tripped by the metal legs of a sign posted in a corridor that was a designated walking area for patrons on Defendants' vessel.

11. That at the aforementioned time and place, the Defendant, through its agents and/or employees, was negligent in the following acts of commission and/or omission:

   a. Failure to properly maintain its vessel in a reasonable safe condition for use by Plaintiff and others similarly situated.

   b. Failure to properly supervise its staff to maintain its vessel in a reasonably safe condition for use by Plaintiff and others similarly situated.

CASE NO: 05-22277 CIV-HUCK/SIMONTON - Page No. 3

c. Failure to correct a dangerous condition of which it either knew or should have known through the use of reasonable care.

d. Failure to warn the Plaintiff, HELEN MERRILL, of the existence of a dangerous condition on Defendant's vessel of which the Defendant either knew or should have known through the use of reasonable care.

e. Creating a dangerous condition on its vessel by allowing the sign that caused Plaintiff, HELEN MERRILL, to fall, to protrude into the designated walkway, that was busy with pedestrian traffic, and failing to either warn Plaintiff, HELEN MERRILL, of said dangerous condition or failing to correct the dangerous condition.

12. That as a direct and proximate result of the aforementioned negligence on the part of Defendant, CARNIVAL, Plaintiff, HELEN MERRILL, was injured in and about her body and extremities; was caused great physical pain and mental suffering; has suffered an activation or aggravation of a pre-existing physical condition; has had her earning ability impaired, and will, within reasonable medical probability, suffer said impairment of her earning ability in the future; has suffered losses to her income and will continue to lose income in the future; has suffered physical and mental losses and impairments which are, within a reasonable degree of medical probability, permanent and/or continuing in nature, and will suffer said losses and impairments in the future; has been caused to expend money for the treatment of her injuries and will, in the future, be caused to expend further monies for treatment of her injuries.

WHEREFORE Plaintiff, HELEN MERRILL demands judgment for damages against Defendant, CARNIVAL CORPORATION, Foreign Corporation, d/b/a CARNIVAL CRUISE LINES, in excess of the jurisdictional limits of this Court.

CASE NO: 05-22277 CIV-HUCK/SIMONTON - Page No. 4

## DEMAND FOR JURY TRIAL

Plaintiff, HELEN MERRILL, demands trial by jury of all issues triable as of right by a jury.

Dated this 25th day of November, 2005.

> COHEN & GREENBERG, L.L.C.
> Attorneys for Plaintiff
> 1792 Bell Tower Lane
> Weston, Florida 33326
> Telephone: (954) 659-8300
> Facsimile: (954) 659-8343
> E-mail: mcohen@cohengreenberg.com
>
> BY: _____
> MICHAEL J. COHEN
> Fla. Bar No. 146358

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-22277-CIV-PCH

DE# 12

☐ **DUE TO POOR QUALITY, THE ATTACHED DOCUMENT IS NOT SCANNED**

# ATTACHMENT(S) NOT SCANNED

☐ VOLUMINOUS (exceeds 999 pages = 4 inches)
☐ BOUND EXTRADITION PAPERS
☐ ADMINISTRATIVE RECORD (Social Security)
☐ ORIGINAL BANKRUPTCY TRANSCRIPT
☐ STATE CT RECORD/TRANSCRIPTS (Habeas Cases)
☐ SOUTHERN DISTRICT TRANSCRIPTS
☐ LEGAL SIZE
☐ DOUBLE SIDED
☐ PHOTOGRAPHS
☒ POOR QUALITY (e.g. light print, dark print, etc.)
☐ SURETY BOND (original or letter of undertaking)
☐ CD's, DVD's, VHS Tapes, Cassette Tapes
☐ OTHER = _____

# PLEASE REFER TO COURT FILE